UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **12-20489-CIV-MORENO**

SAFECO INSURANCE COMPANY OF AMERICA,

      Plaintiff,

vs.

VICTORIA MANAGEMENT, LLC., KEYCORP REAL ESTATE CAPITAL MARKETS, INC., SHAUN DONOVAN, in his official capacity as SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and MSA ARCHITECTS, INC.,

      Defendants.

_____/

## ORDER DENYING MSA ARCHITECTS, INC.'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant MSA Architects' Motion to Dismiss **(D.E. No. 27)**, filed on **March 20, 2012**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

### I. BACKGROUND

Plaintiff, Safeco Insurance Co., is a surety company that issued payment and performance bonds to a general contractor, DooleyMack of South Florida, LLC. The claims in this case arise from the design and construction of the New Riviera Nursing and Rehabilitation Center in Coral Gables, Florida. Defendant MSA Architects provided design and construction management services

for the project. As to MSA, Plaintiff Safeco has alleged counts for Professional Negligence and Common Law Indemnity. At issue in the motion to dismiss is the Common Law Indemnity claim against Defendant MSA Architects.

By way of background, DooleyMack entered into a contract with Victoria Management for construction of the nursing home. The contract required DooleyMack to secure a payment and performance bond, which DooleyMack obtained from Plaintiff Safeco. The bond agreement with Safeco required DooleyMack to execute a General Agreement of Indemnity for Contractors in favor of Safeco that assigned to Safeco DooleyMack's rights to bonded contract funds. Safeco issued a Performance Bond and Payment Bond naming DooleyMack Constructors of South Florida, LLC as Principal, and Victoria Management, LLC, and others as Obligees.

Victoria Management, the owner of the nursing home project, terminated DooleyMack on November 22, 2011 and called upon Safeco to complete the project pursuant to the terms of the bond. Safeco is now suing the Obligees for amounts due under the Contract for approved change orders totaling $3,201,326.63.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

### III. LEGAL ANALYSIS

Common law indemnity shifts the entire loss from one who is obligated to pay to another party, who bears the costs of the initial party's wrongdoing because of some vicarious, derivative, or constructive liability. *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979). For a party to succeed on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. *See Dade Cty. Sch. Bd. v. Radio Station, WQBA*, 731 So. 2d 638, 642 (Fla. 1999). Additionally, Florida courts have required a special relationship between the parties for common law indemnification to exist. *Id.* A special relationship "may arise, for example, out of an express or implied contract, or a duty[,] which exists between the two parties." *Zazula v. Kimpton Hotels & Restaurants, LLC*, 2011 WL 1657872 (S.D. Fla. May 2, 2011).

It is the "special relationship" requirement that is at issue in Defendant MSA Architect's motion to dismiss. There is no question that as a surety, Plaintiff Safeco, is without fault and that its liability is solely derived from DooleyMack, the general contractor on the project. Safeco alleges that MSA Architects' professional negligence caused some or all of the damages that the owner of the project, Victoria Management, suffered. Safeco does allege that if it is held liable and pays

damages to Victoria Management and to subcontractors on the project, MSA should bear those costs due to its acts of fault and neglect. Safeco also alleges that as a professional architect that supervised the project, MSA had a special relationship with DooleyMack, as contractor, and Safeco, as surety and owed them a duty of care in the design of the project and contract administration. *See A.R. Moyer, Inc. v. Graham*, 285 So. 2d 397 (Fla. 1973) (holding that Florida law recognizes a duty of an architect to parties with whom it is not in privity); *Moransais v. Heathman*, 744 So. 2d 973 (Fla. 1999).

This Court finds that the surety can maintain a claim against an architect where the allegations are that the architect's professional negligence caused or contributed to the loss. *See also Amwest Surety v. Ernst & Young*, 677 So. 2d 409 (Fla 5th DCA 1996) (holding that the surety could maintain a claim against a third party whose professional negligence caused or contributed to the loss). Accordingly, the Court finds these allegations sufficiently state a cause of action for common law indemnity against MSA Architects and denies the motion to dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of May, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record